NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUKHWINDER SINGH,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-1044<br><br>Agency No.<br>A205-934-994<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2024[**]
Pasadena, California

Before: SCHROEDER, W. FLETCHER, and CALLAHAN, Circuit Judges.

Sukhwinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' (BIA) decision upholding the Immigration Judge's

(IJ) denial of asylum, withholding of removal, and protection under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture (CAT). The claims were principally supported by the Petitioner's testimony, which the IJ discredited.

The record supports the agency's conclusion that Petitioner deliberately testified falsely about a death threat and misrepresented that he mentioned the threat in his written declaration. The false statement and misrepresentation were material because they concerned his past persecution, which was the basis for his asylum and withholding claims. *See, e.g., Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). Under the *falsus in uno, falsus in omnibus* doctrine, such "*material and conscious*" false testimony allows the factfinder to disbelieve the witness's entire testimony. *See Enying Li v. Holder*, 738 F.3d 1160, 1164 (9th Cir. 2013).

In his petition, Singh does not seriously dispute the falsity of his testimony, characterizing it as "exaggerated." Rather he contends that the agency failed to consider the "totality of the circumstances," which included testimony of beatings. The agency, however, did consider other evidence, including a doctor's note that conflicted with Singh's testimony, and found that the evidence did not rehabilitate his credibility. Substantial evidence supports the agency's decision to discredit the entirety of Singh's testimony under the *falsus in uno* doctrine.

Substantial evidence also supports the conclusion that Singh failed to establish a probability of torture upon his removal to India. The country conditions

reports did not show torture of Sikhs in contemporary India, and the record evidence does not indicate Singh is at particular risk of torture. *See Lalayan v. Garland,* 4 F.4th 822, 840 (9th Cir. 2021).

**PETITION DENIED.**